

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:                    Attention:  Mr. William A. Harrison

                             Opinion No. O-1736
                             Re:  Does Paragraph B of Section 2
                                  under Travelling Expenses of
                                  S.B. 427 prohibit payment by
                                  the state of Mr. Marshall's ex-
                                  penses for meals while in Temple
                                  on official business?

        We are in receipt of your opinion request wherein
you propound the following questions:

        "This department has in its possession for the
approval of the State Treasurer expense vouchers
No. 417, 418 and 419 issued to V. C. Marshall,
Chairman of the State Soil Conservation Board, 618-
620 Professional Building, Temple, Texas.

        "Included in the items of expense are amounts
for Mr. Marshall's lunch at the Doering Hotel, Tem-
ple, Texas.  Correspondence with the State Soil
Conservation Board has revealed that Mr. Marshall
lives on his farm eleven miles from the city of
Temple and uses his personal car as a means of con-
veyance to and from Temple for which he requests no
mileage.

        "Senate Bill No. 427, Section 2 under Travel-
ing Expenses, paragraph B, of the 46th Legislature,
Regular Session, provides in part that 'No State
officer or employee of any of the departments or
other agencies of the Government shall include in
his traveling expense account any amounts for meals
and/or lodging incurred within the city or town
where such officer or such employee is stationed.'
Does this provision prohibit payment by the State
of Mr. Marshall's expenses for meals while in Tem-
ple on official business?"

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charley Lockhart, Page 2

Your attention is called to the fact that the general appropriation bill passed by the 46th Legislature made no provision for the carrying out of the purposes and provisions of the act entitled "State Soil Conservation Act." However, House Bill No. 20, finally passed and adopted by the 46th Legislature on the 11th day of April, 1939, provides as follows in Section 14a thereof:

"The several sums of money herein specified or so much thereof as may be necessary, are hereby appropriated out of any moneys in the State Treasury not otherwise appropriated for the support and maintenance of the State Soil Conservation Board for the two year period beginning Sept. 1, 1939, and ending August 31, 1941."

Thereafter is set out the authorized expenditures to be allowed in the furtherance of the duties of the members of the State Soil Conservation Board. Item No. 7 of the authorized expenditures thereunder provides for hotels and meals not to exceed $3.50 per day per member. The sum of $1750. was appropriated for the year ending August 31, 1940, for this item and a like sum for the year ending August 31, 1941. Paragraph D of Section 4 of the act designated State Soil Conservation Board provides as follows:

"Vacancies upon such board shall be filled for an unexpired term of a full term, by the same manner in which the retiring members were respectively elected. Elective members of the board may receive compensation for their services on the board, not to exceed the sum of $10. per diem for each day of actual service rendered, but each member shall be entitled to expenses, including travelling expenses, necessarily incurred in the discharge of their duties as members of the board."

Paragraph F of the same section of said act provides as follows:

"* * * It shall have authority to locate its office at the point to be selected by the board."

Now therefore, it accordingly follows that the office of the State Soil Conservation Board has been located by said board in the city of Temple. The act creating the board having provided that each member of the State Soil Conserva-

Hon. Charley Lockhart, Page 3

tion Board shall be entitled to expenses, including travel-ing expenses, necessarily incurred in the discharge of their duties as members of the board, and a specific appropriation having been made under Section 14a of said act for money to pay said traveling expenses and other expenses of the members of said State Soil Conservation Board, it is accordingly the opinion of this Department and you may be so advised that Mr. V. C. Marshall, a member of the State Soil Conservation Board, shall be entitled to receive expenses, including traveling ex-penses, necessarily incurred in the discharge of his duties as a member of the board. It is the further opinion of this Department that the items of expense inquired about, namely, lunch at the Doering Hotel, Temple, Texas, when expenditure made for this item does not exceed the amount provided for in the appropriation under House Bill No. 20, heretofore refer-red to, is a proper expenditure and should be allowed.

Trusting that this satisfactorily answers your ques-tion, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Edgar Cale
Assistant

EC:AMM

APPROVED DEC 19, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

